**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

|  |  |  |
|---|---|---|
| **WAYNE COLLETT,** | : | **CASE NO. 6:25-CV-190** |
|  | : |  |
| **PLAINTIFF,** | : |  |
|  | : | **JUDGE: CLARIA HORN BOOM** |
| **v.** | : |  |
|  | : |  |
| **ALLSTATE INDEMNITY COMPANY** | : |  |
| **D/B/A ALLSTATE,** | : |  |
|  | : |  |
| **DEFENDANT.** | : |  |
|  | : |  |

---

### ANSWER OF DEFENDANT ALLSTATE INDEMNITY COMPANY
### D/B/A ALLSTATE TO PLAINITFF'S COMPLAINT

### *(Electronically filed)*

---

Now comes Defendant, Allstate Indemnity Company d/b/a Allstate ("Allstate"), by and through counsel, and hereby answers the Complaint of Plaintiff, Wayne Collett, as follows:

**FIRST DEFENSE**

**JURISDICTION AND VENUE**

1.      Defendant denies, for want of knowledge, the allegations of Paragraph 1.

**PARTIES**

2.      Defendant denies, for want of knowledge, the allegations of Paragraphs 2 and 3.

3.      Defendant admits the allegations of Paragraph 4.

**GENERAL ALLEGATIONS**

4.      Defendant denies, for want of knowledge, the allegations of Paragraphs 5, 6, and 9.

5.      Defendant denies the allegations of Paragraphs 7, 8, 10, 11, 12, 13, and 14.

**ANSWER TO COUNT I: BREACH OF CONTRACT**

6.      For the answer to Paragraph 15, this answering Defendant incorporates herein, as if fully restated, its answers as set forth above.

7.      Defendant denies, for want of knowledge, the allegations of Paragraph 16.

8.      Defendant denies the allegations of Paragraphs 17, 18, 19, 20, and 21.

9.      No response to Paragraph 22 is required, and Defendant denies in any event.

**ANSWER TO COUNT II: STATUTORY BAD FAITH**

10.     For the answer to Paragraph 23, this answering Defendant incorporates herein, as if fully restated, its answers as set forth above.

11.     Defendant admits the allegations of Paragraph 24.

12.     Defendant denies the allegations of Paragraphs 25 and 26.

**ANSWER TO COUNT III: COMMON LAW BAD FAITH**

13.     For the answer to Paragraph 27, this answering Defendant incorporates herein, as if fully restated, its answers as set forth above.

14.     Defendant denies the allegations of Paragraphs 28, 29, 30, and 31.

**ANSWER TO COUNT IV: VIOLATION OF KRS 304.12-235**

15.     For the answer to Paragraph 32, this answering Defendant incorporates herein, as if fully restated, its answers as set forth above.

16.     Defendant denies the allegations of Paragraphs 33, 34, 35, and 36.

2

**SECOND DEFENSE**

17.     For its second defense, Defendant Allstate states that Plaintiff's Complaint fails to state a claim against it upon which relief can be granted.

**THIRD DEFENSE**

18.     For its third defense, Defendant Allstate states that Plaintiff has failed to comply with all terms and conditions contained within the subject insurance policy, and by virtue of such policy language, Plaintiff is barred from any and all coverage under the terms of the aforementioned policy, which precludes Plaintiff from any relief, in total, which he seeks in his Complaint.

**FOURTH DEFENSE**

19.     For its fourth defense, Defendant Allstate states that it has, at all times relevant herein, including throughout the investigation and handling of the subject matter insurance claim, acted in good faith toward Plaintiff, paid what it owed, and denied what it did not owe under the Policy, after careful, extensive, and adequate consideration and investigation.

**FIFTH DEFENSE**

20.     For its fifth defense, Defendant Allstate states that Plaintiff's Complaint and request for judgment are subject to and limited to the terms of the subject Allstate insurance policy's declarations, limits of liability, policy language, and policy exclusions.

**SIXTH DEFENSE**

21.     For its sixth defense, Defendant Allstate states that the Plaintiff's claim is barred by virtue of the applicable statute or statutes of limitation, and/or the insurance policy's limitation of action provision.

## SEVENTH DEFENSE

22.     For its seventh defense, Defendant Allstate states that it has no obligation or duty under the subject insurance policy to provide coverage for the claim of Plaintiff, pursuant to applicable policy language which provides coverage only for a sudden and accidental direct physical loss to property.

## EIGHTH DEFENSE

23.     For its eighth defense, Defendant Allstate states that Plaintiff's Complaint is barred based upon accord and satisfaction.

## NINTH DEFENSE

24.     For its ninth defense, Defendant Allstate states that Plaintiff's Complaint is barred by intervening and/or superseding causes.

## TENTH DEFENSE

25.     For its tenth defense, Defendant Allstate states that Plaintiff has failed to mitigate his damages.

## ELEVENTH DEFENSE

26.     For its eleventh defense, Defendant Allstate states that Plaintiff's Complaint is barred by the doctrines of offset and unjust enrichment.

## TWELFTH DEFENSE

27.     For its twelfth defense, Defendant Allstate states that Plaintiff's claim for violations of Kentucky's UCSPA is barred as Kentucky law does not permit a private cause of action based upon the UCSPA.

**THIRTEENTH DEFENSE**

28.    For its thirteenth defense, Defendant Allstate reserves the right to amend this Answer to include any additional affirmative defenses that may be developed as a result of the discovery process in this case.

**WHEREFORE**, having fully answered, Defendant Allstate Insurance Company prays that Plaintiff's Complaint be dismissed, with prejudice, with all costs assessed to the Plaintiff, and for all other appropriate legal and equitable relief.

Respectfully submitted,

*/s/ Anthony J. Iaciofano*
Anthony J. Iaciofano (# 87620)
Benjamin, Heather, Iaciofano & Bitter, LLC
Westlake Center
4555 Lake Forest Drive, Suite 650
Cincinnati, OH 45242
Telephone: (513) 721-5672
Facsimile: (513) 562-4388
Email: ajiaciofano@bhiblaw.com
*Attorney for Defendant, Allstate Indemnity*
*Insurance Company d/b/a Allstate*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer of Allstate Indemnity Company d/b/a Allstate to Plaintiff's Complaint has been served via email this 3rd day of November 2025 upon:

J. Bart Denham, Esq.
Christopher Bailey, Esq.
Denham Property and Injury Law Firm
250 West Main St., Suite 120
Lexington, KY 40507
christopher@denham.law
service@denham.law
*Attorneys for Plaintiff*

*/s/ Anthony J. Iaciofano*
Anthony J. Iaciofano (# 87620)